Justice THOMAS, concurring.
*1135 I adhere to my view that "a method of execution violates the Eighth Amendment only if it is deliberately designed to inflict pain." Baze v. Rees , 553 U.S. 35, 94, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (opinion concurring in judgment); ante , at 1125 - 1126. Because there is no evidence that Missouri designed its protocol to inflict pain on anyone, let alone Russell Bucklew, I would end the inquiry there. Nonetheless, I join the Court's opinion in full because it correctly explains why Bucklew's claim fails even under the Court's precedents.
I write separately to explain why Justice BREYER's dissenting opinion does not cast doubt on this standard. Post , at 1143 - 1144. As I explained in Baze , "the evil the Eighth Amendment targets is intentional infliction of gratuitous pain." 553 U.S. at 102, 128 S.Ct. 1520 (opinion concurring in judgment). The historical evidence shows that the Framers sought to disable Congress from imposing various kinds of torturous punishments, such as " 'gibbeting,' " "burning at the stake," and " 'embowelling alive, beheading, and quartering.' " Id. , at 95-98, 128 S.Ct. 1520 (quoting 4 W. Blackstone, Commentaries *376 (Blackstone), and S. Banner, The Death Penalty: An American History 71-72 (2002)). In England, these aggravated forms of capital punishment were " 'superadded' " to increase terror and disgrace for " 'very atrocious crimes,' " such as treason and murder. See Baze , supra , at 96-97, 128 S.Ct. 1520 (quoting 4 Blackstone *376). The founding generation ratified the Eighth Amendment to reject that practice, contemplating that capital punishment would continue, but without those punishments deliberately designed to superadd pain. See Baze , 553 U.S. at 97-98, 128 S.Ct. 1520. Under this view, the constitutionality of a particular execution thus turns on whether the Government "deliberately designed" the method of execution "to inflict pain," id., at 94, 128 S.Ct. 1520, without regard to the subjective intent of the executioner.
Contrary to Justice BREYER's suggestion, my view does not render the Eighth Amendment "a static prohibition" proscribing only "the same things that it proscribed in the 18th century." Post, at 1143 - 1144. A method of execution not specifically contemplated at the founding could today be imposed to "superad[d]" "terror, pain, or disgrace." 4 Blackstone *376. Thankfully-and consistent with Justice Story's view that the Eighth Amendment is "wholly unnecessary in a free government," 3 J. Story, Commentaries on the Constitution of the United States 750 (1833)-States do not attempt to devise such diabolical punishments. E.g. , Baze , supra , at 107, 128 S.Ct. 1520 ("Kentucky adopted its lethal injection protocol in an effort to make capital punishment more humane"). It is therefore unsurprising that, despite Justice BREYER's qualms about the death penalty, e.g. , post , at 1145, this Court has never held a method of execution unconstitutional. Because the Court correctly declines to do so again today, I join in full.